AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Lawrence Richardson<br>*Plaintiff*<br><br>v.<br><br>Famous Bourbon Management Group, Inc. and<br>Fiorella's On Decatur, Inc. D/B/A Jazz Café,<br>Fiorella Café and Beerfest<br>*Defendant* | Civil Action No.<br>2:15-cv-5848 c/w 17-1093 c/w<br>18-6573<br><br><br><br>Re: No. 15-5848, 17-1093 and 18-6573 |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   August 5, 2020

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   August 4, 2021

CLERK OF COURT

*Ellen S. Hall*

*Signature of Clerk or Deputy Clerk*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE RICHARDSON<br><br>Plaintiff,<br><br>vs.<br><br>FAMOUS BOURBON MANAGEMENT GROUP, INC. AND FIORELLA'S ON DECATUR, INC., D/B/A JAZZ CAFÉ, FIORELLA'S CAFÉ AND BEERFEST.<br><br>Defendants. | CIVIL ACTION NO.: 15-5848 c/w 17-1093 c/w 18-6573<br><br>Re: No. 15-5848, 17-1093 and 18-6573<br><br>SECTION: H<br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE: 3<br>MAGISTRATE DANA M. DOUGLAS |

**\*\*SEALED\*\***

## FINAL JUDGMENT

For reasons issued August 5, 2020 granting Plaintiffs' Motion to Enforce and Approve Settlement (Doc. 468);

**WHEREAS** on January 2, 2020, the parties mediated this matter before former Magistrate Judge Knowles.

**WHEREAS** a structured settlement agreement was reached and put in a Memorandum of Settlement executed by the parties. A copy of that Memorandum of Settlement is attached hereto as Exhibit A.

**WHEREAS** Defendants have refused to enter into the agreed-upon Consent Judgment to submit the terms of the Memorandum of Settlement to the Court for approval under the Fair Labor Standards Act;

**WHEREAS** Defendants have failed to make the initial payment under the Memorandum of Settlement;

**AND CONSIDERING** that a compromise has been reached and has been reduced to writing;

**AND CONSIDERING** that the parties entered into a binding settlement agreement when they – or their counsel on their behalf – signed the memorialization of the terms of the settlement;

**AND HEREBY FINDING** that the Memorandum of Settlement meets all of the essential terms of a compromise;

### THIS COURT HEREBY RENDERS JUDGMENT AS FOLLOWS:

1. The Memorandum of Settlement is a binding contract covering all essential terms.
2. Plaintiffs are entitled to have the terms of the Memorandum of Settlement enforced.
3. The terms of the Memorandum of Settlement are approved as reasonable and fair under the Fair Labor Standards Act.
4. Defendants are breach of the Memorandum of Settlement.
5. In accordance with the terms of the Memorandum of Settlement, Defendants Famous Bourbon Management Group, Inc.; Temptations, Inc.; 327 Bourbon Street, Inc.; Platinum Bourbon, Inc.; Silver Bourbon, Inc.; Brass Bourbon, Inc.; Labeauti, Inc.; Jaxx's House, Inc.; Manhattan Fashion, LLC; Fais Deaux-Deaux, Inc.; Fiorella's on Decatur; Bourbon Burlesque Club, Inc.; N'Awlins' Entertainment of Louisiana, Inc. d/b/a "N'Awlins Entertainment Group and Guy Olano, Jr. are **HEREBY ORDERED** to pay Plaintiffs a total of $800,000 ( the "Settlement Fund"), as per the terms of the Memorandum of Settlement, which is hereby approved, set forth below:

    > $200,000 to be paid upon entry of judgment
    > $200,000 to be paid on March 15, 2021
    > $200,000 to be paid on March 15, 2022
    > $200,000 to be paid on March 15, 2023

    a. Each defendant-employer shall be liable for their respective pro rate share of amounts due to each of their employees. In addition to the obligation to pay by

    each defendant, the sum due shall be guaranteed by Guy W. Olano, Jr., Famous Bourbon Management Group, Inc., Silver Bourbon and Temptations, Inc.

b. Attorneys' fees and court costs in the amount of $400,000 shall be paid from the foregoing fund. The payments shall be paid from an escrow account administered by Roger LaRue at MAPS and paid for by defendants.

c. The amount of payment to each claimant is set forth in the Distribution Chart attached to the Memorandum of Settlement as Exhibit 1 and has been approved by the Court.

d. Each claimant shall produce the following documentation for approval of the administrator: (1) valid identification; (2) social security card; (3) executed IRS form W9 in accordance with the time limitations set forth in the Notice of Settlement, attached to the Memorandum of Settlement as Exhibit 2 and approved by this Court.

e. The terms of this settlement shall be confidential and shall not be disclosed by the parties unless needed for administration, accounting purposes or to enforce the judgment.

f. The record and resulting Consent Judgment shall be sealed unless needed for administration, accounting purposes or to enforce the judgment.

g. The Court shall retain jurisdiction over this matter.

h. Defendants shall pay the mediation fees of Perry Dampf and Judge Daniel Knowles (ret.).

i. Plaintiffs' claims are dismissed with prejudice in favor of the defendants, Joseph Ascani and Guy W. Olano, III.

Judgment read and rendered, New Orleans, Louisiana this 5th day of August, 2020

UNITED STATES DISTRICT JUDGE
JANE TRICHE MILAZZO



CLERK'S OFFICE
A TRUE COPY
Aug 04 2021

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA